UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

JOSEPH E. JANSSENS,             Case No. CV 10-1523-BR

    Plaintiff,

v.             CONSENT DECREE

PORTLAND GENERAL ELECTRIC,

    Defendant.

## INTRODUCTION

This matter is before the Court for entry of this decree by consent of the parties to effectuate a compromise and settlement of all claims. After review and consideration, the Court believes that entry of this decree is in the interest of justice.

1. Plaintiff, Joseph Janssens ("Janssens"), commenced the above entitled action in the United States District Court for the District of Oregon, alleging that Defendant Portland General Electric Company ("PGE") violated the Veterans Re-employment Rights Act of 1974, 38 U.S.C. §§ 2021, et. seq, ("VRRA") by not properly crediting by Janssens' pension payment because it did not take into account Janssens' two years of military service in the Korean War, nor the time he worked for PGE prior to enlisting.

2. PGE denies that it has violated VRRA. Nevertheless, Janssens and PGE (collectively referred to as the "Parties"), as a result of settlement discussions, have resolved their differences and have agreed that this action should be settled by entry of this Consent Decree. It is the intent of the parties that this Consent Decree be a final and binding settlement in full disposition of all claims alleged in the Complaint filed in this case. By Janssens' signature to

both this Decree and the "Release of all Claims" attached hereto as Appendix A, Janssens accepts the terms of this Decree.

## STIPULATED FACTS

3. Pursuant to VRRA, the parties acknowledge the jurisdiction of the United States District Court for the District of Oregon over the subject matter of this action and of the parties to this case for the purpose of entering this Decree and, if necessary, enforcing this Decree.

4. Venue is proper in this district for purposes of this Decree and any proceedings related to this Decree only. PGE agrees that all statutory conditions precedent to the institution of this lawsuit have been fulfilled.

## FINDINGS

5. Having examined the terms and provisions of the Consent Decree, the Court finds the following:

   a. The Court has jurisdiction over the subject matter of the action and the parties to this action.

   b. The terms and provisions of this Consent Decree are fair, reasonable, and just. The rights of the parties are protected adequately by this Decree.

   c. This Consent Decree conforms with the Federal Rules of Civil Procedure and VRRA, and is not in derogation of the rights and privileges of any person. The entry of this Consent Decree will further the objectives of VRRA and other applicable laws and will be in the best interest of the parties.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

### NON-ADMISSION

6. This Decree is being entered with the consent of the parties and shall not constitute an adjudication or finding on the merits of the case or be construed as an admission by PGE of any violations of VRRA, or any other law, rule or regulation, dealing with or in connection with equal employment opportunities.

### NON-RETALIATION

7. PGE shall not take any action against any person which constitutes retaliation or interference with the exercise of such person's rights under VRRA, or because such person gave testimony or assistance or participated in any manner in any investigation or proceeding in connection with this case.

### REMEDIAL REQUIREMENTS

8. For and in consideration of the settlement of all claims in this action, PGE has agreed to provide remedial relief to Janssens.

9. Without admitting the allegations set forth in the complaint, and in settlement of the claims of Janssens, PGE shall, within ten days from the date of entry of this Decree, adjust Janssens monthly pension payment by an additional $30.97 which accounts for an additional 2.5 years of service credit. Furthermore, within this ten day period, PGE shall pay Janssens $20,000.00 for the additional pension payments PGE should have been paying Janssens since his retirement on April 1, 1990. That amount of credit includes interest that Janssens would have

earned on these past pension payments had he received it. Janssens is responsible for payment of all applicable employee income taxes on the payments received for this past and future credit. PGE is separately and additionally responsible for paying any applicable federal, state, and local employer-side taxes due on the monies paid to Janssens. PGE and Janssens each shall provide to the other the appropriate tax-related documents necessary to calculate deductions and timely file tax returns.

10. The relief provided in paragraph 9 of this Decree applies only to Janssens and does not apply or transfer to any other person, except to the extent that his spouse or heirs would otherwise be entitled to his pension benefits under applicable contract or law.

11. Within 14 days of compliance with paragraph 9 of this Decree, PGE shall provide written confirmation of its compliance to the following counsel for Janssens by first class mail or hand deliver to:

> Adrian L. Brown
> Assistant U.S. Attorney
> 1000 SW Third Ave, Suite 600
> Portland, OR 97204

## DISPUTE RESOLUTION AND COMPLIANCE

12. This Court shall retain jurisdiction over this matter and will have all available equitable powers, including injunctive relief, to enforce this Decree. Upon motion of either party, the Court may schedule a hearing for the purpose of reviewing compliance with this Decree. The parties shall engage in good faith efforts to resolve any dispute concerning compliance prior to seeking a resolution of such dispute by the Court. In the event of a dispute,

the parties shall give notice to each other ten (10) business days before moving for review by the Court. The parties may conduct expedited discovery under the Federal rules of Civil Procedure for the purpose of determining compliance with this Decree or defending against a claim of non-compliance.

## MISCELLANEOUS

11. All parties shall bear their own costs and expenses of litigation, including attorneys' fees.

12. This Consent Decree constitutes the entry of final judgment within the meaning of Rule 54 of the Federal Rules of Civil Procedure on all claims asserted in this action.

13. The terms of this Consent Decree shall be binding upon the present and future directors, employees, agents, administrators, successors, representatives, and assigns of PGE and upon the heirs, successors, and assigns of Janssens.

14. This Consent Decree constitutes the entire agreement and commitments of the parties. Any modifications to this Decree must be mutually agreed upon and memorialized in a writing by all parties.

## EFFECTIVE DATE

15. The effective date of this Consent Decree shall be the date upon which it is entered by the Court.

16. This Decree shall expire, and this action shall be dismissed, without further order of this Court either one year from the date that documentation of the monetary payment due to Janssens has been submitted to the United States, or the date by which PGE is required to provide pertinent tax documents to Janssens, whichever is later. Janssens may move, for good cause, to extend the decree if the remedial relief called for herein has not been effectuated.

Page 5         Consent Decree
               *Janssens v. Portland General Electric*

Respectfully submitted on this ~~9~~ 15th day of Dec. , 2010.

| | |
|---|---|
| LORETTA KING<br>Acting Chief, Employment Litigation Section<br>Civil Rights Division | DWIGHT C. HOLTON<br>United States Attorney<br>District of Oregon |

*/s/ Jodi Danis*

JODI B. DANIS
(DC Bar No. 453493)
Special Counsel
United States Department of Justice
Civil Rights Division
Employment Litigation Section
950 Pennsylvania Avenue, NW
Patrick Henry Building, Room 4031
Washington, D.C. 20530
Telephone:   (202) 305-4422
Facsimile:    (202) 514-1005
Email:        jodi.danis@usdoj.gov

*/s/ Adrian L. Brown*

ADRIAN L. BROWN
OSB No. 050206
Assistant United States Attorney
United States Attorney's Office
District of Oregon
1000 S.W. Third Ave., Suite 600
Portland, Oregon 97204-2902
Telephone:   (503) 727-1003
Facsimile:    (503) 727-1117
Email: adrian.brown@usdoj.gov

*Attorneys On Behalf of Plaintiff Joseph Janssens*

*/s/ Joseph C. Janssens*

Joseph E. Janssens
Plaintiff

*/s/ Steve Redshaw*

Steve Redshaw, Litigation Attorney       OSB No. 94414
121 SW Salmon Street
Mail Stop 1WTC 1301
Portland, OR 97204
*Attorney for Defendant PGE*

APPROVED and ORDERED this 16th day of December, 2010.

*/s/ Anna J. Brown*

HONORABLE Anna J. Brown
United States District/~~Magistrate~~ Judge

Page 6     **Consent Decree**
           *Janssens v. Portland General Electric*

APPENDIX A

INDIVIDUAL RELIEF AND RELEASE OF CLAIMS

For and in consideration of the acceptance of the relief offered to me by PGE, pursuant to the provisions of the Consent Decree ("Decree") entered by the United States District Court for the District of Oregon in *Joseph E. Janssens v. PGE*, I, Joseph E. Janssens, forever release and discharge PGE and all current, former and future agents, employees, officials, designees, predecessors and successors in interest of PGE from all legal, statutory and equitable claims, which have been or could have been asserted in the Complaint filed in the above-captioned civil action concerning my claim against PGE regarding the Veterans Reemployment Rights Act.

I understand that the relief to be given to me does not constitute an admission by PGE of the validity of any claim raised by me or on my behalf in this action, nor does it constitute a finding of any wrongdoing or liability under applicable federal law or regulation.

This release and the Decree submitted by the parties in this case constitutes the entire agreement between PGE and me, without exception or exclusion.

I HAVE READ THIS RELEASE AND UNDERSTAND THE CONTENTS THEREOF, AND I EXECUTE THIS RELEASE OF MY OWN FREE ACT AND DEED.

Signed this __9__ day of __Dec__, 2010.

_____
JOSEPH E. JANSSENS, Plaintiff

Subscribed and sworn to before me this
__9TH__ day of __DECEMBER__ 2010.

_____
Notary Public

My Commission expires: __4.3.2011__

OFFICIAL SEAL
GARY D CROCKETT
NOTARY PUBLIC-OREGON
COMMISSION NO. 415962
MY COMMISSION EXPIRES APR 3, 2011